UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANARI OSMAN HAROUN KOUDI KAGO,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-01329-GJL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Hanari Osman Haroun Koudi Kago is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody. Dkt. 1. The Petition has been fully briefed and is ripe for consideration by the Court.[1] Dkts. 1, 8, 11.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **DENIES** the Petition. Dkt. 1.

## I.    BACKGROUND

Petitioner is a native and citizen of Sudan. Dkt. 1 at 5. On September 8, 2014, Petitioner was lawfully admitted to the United States as a refugee under Section 207 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1157. Dkt. 9-2, Ex. B. From January 2018 through September 2023, Petitioner was convicted of several crimes in Spokane, Washington, including two violations of no-contact orders. *See* Dkt. 10 ¶ 5.

---

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 1

On June 14, 2025, ICE arrested Petitioner following a vehicle stop in Mead, Washington. *Id*. ¶ 6. At the time of his arrest, Petitioner was in possession of cocaine. *Id*. Thereafter, on June 16, 2025, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA"), charging him as removable under 8 U.S.C. § 1227(a)(2)(E)(ii), for conduct violating an order that "involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued." Dkt. 9-2 at 5, Ex. B. Petitioner was transferred to NWIPC and has remained in detention there since that day. Dkt. 10 ¶¶ 7, 14.

On July 22, 2025, Petitioner appeared with counsel for a bond hearing before an Immigration Judge ("IJ") in Tacoma, Washington. *Id*. ¶ 8. The IJ denied Petitioner's request for bond, finding Petitioner to be a danger to the community and flight risk. *Id*.; Dkt. 9-4, Ex. D; Dkt. 9-5, Ex. E.[2] Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA") on August 21, 2025. Dkt. 10 ¶ 8. Petitioner's appeal remains pending. *Id*.

On July 23, 2025, Petitioner appeared with counsel at a master calendar hearing before an IJ at which he admitted the factual allegations contained in his NTA and conceded removability as charged. Dkt. 10 ¶ 9. The IJ found Petitioner removable and designated Sudan as the country

---

[2] In a Memorandum issued by the IJ following the July 22, 2025, Order denying bond based on Petitioner's danger to the community and flight risk, the IJ summarized the evidence provided by both Petitioner and the Government, and then concluded:

> [Petitioner] has many equities in the United States, including his family, work history, and community ties. He also has viable avenues for relief from removal.

> Despite these equities, the evidence submitted by DHS strongly indicates that [Petitioner] engaged in violent conduct in the United States against the mother of his children. He also has violated court orders multiple times, and he has obstructed law enforcement.

> For these reasons, the court finds [Petitioner] has not established that he is not a danger to the community. He is also a very substantial flight risk. The court therefore denies [Petitioner's] request for bond. The court finds that conditional parole is not appropriate.

Dkt. 9-5 at 5, Ex. E.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 2

of removal should it be necessary. *Id*. However, the IJ continued proceedings and did not issue an order of removal, based on representations by Petitioner's counsel that an application for adjustment of status under 8 U.S.C. § 1159(a) ("Application") would soon be filed with U.S. Citizenship and Immigration Services ("USCIS"). *Id*.

On November 21, 2025, USCIS received Petitioner's Application as well as his request for a waiver of inadmissibility. Dkt. 10 ¶ 10. Over the following months, the IJ continued Petitioner's removal proceedings multiple times to allow for USCIS's adjudication of Petitioner's Application. Dkt. 1-6 ¶¶ 10–13, Ex. B-2.

In connection with Petitioner's Application, on January 14, 2026, Petitioner's fingerprints were taken. Dkt. 10 ¶ 11. Further, on March 6, 2026, ICE counsel e-mailed USCIS requesting an expedited adjudication of Petitioner's Application. Dkt. 10 ¶ 12. On April 10, 2026, USCIS responded to ICE's request, indicating they would expedite their adjudication of Petitioner's Application. *Id*. ¶ 13.

On April 30, 2026, Petitioner appeared with counsel at another master calendar hearing before the IJ. Dkt. 11-1 ¶ 3, Ex. G. At the hearing, counsel for DHS informed the IJ that Petitioner's Application with USCIS remains pending. *Id*. ¶ 3. As a result, the IJ continued Petitioner's removal proceedings to allow DHS counsel to communicate with USCIS as to the status of Petitioner's Application. *Id*. ¶ 5.

To date, Petitioner's Application remains pending. Dkt. 10 ¶ 10. Further, the parties agree that because Petitioner remains in ongoing removal proceedings, he is detained pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 6; Dkt. 8 at 5.

Petitioner initiated this action on April 17, 2026, by filing a federal habeas Petition challenging his continued detention and requesting immediate release. Dkt. 1. On May 4, 2026,

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 3

Respondents filed a Return arguing that the Petition should be denied as Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that Petitioner has failed to demonstrate otherwise. Dkt. 8. On May 8, 2026, Petitioner filed a Traverse in support of the Petition. Dkt. 11.

## II.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Petitioner contends that his continued detention violates, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution, [3] which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

---

[3] Petitioner asserts in his Petition, and Respondents agree, that he does not contest the adequacy of his bond hearing or the IJ's factual or legal findings. Dkt. 8 at 2; Dkt. 11 at 5. Because Petitioner has not raised a separate legal challenge to the IJ's decision to deny discretionary bond, the Court will not address the substance of the IJ's decision here. *See Singh v. Noem*, No. 2:26-cv-0304-GJL, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) ("[I]rrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention *and that basis is unchallenged*.") *Id*. (emphasis added) (collecting cases).

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 4

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335. Further, in *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022).

**A.    Petitioner's Detention is Governed by 8 U.S.C. § 1226(a)**

To determine whether Petitioner's detention complies with due process, the Court must first determine the statutory authority governing Petitioner's detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

Here, the parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226(a), and thus not subject to mandatory detention. *See* Dkt. 1 at 6; Dkt. 8 at 5. The Court agrees with the parties that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because he is a noncitizen awaiting a final decision on whether he should be removed. *See* Dkt. 1 at 6; Dkt. 8 at 5.

The Government acknowledges that, under 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing, which he has received, and contends that he is now lawfully detained consistent with the IJ's order denying bond on the grounds that Petitioner is a danger to the community and a flight risk. Dkt. 8 at 2–3. The Court will thus turn to address whether, under *Mathews*, Petitioner has been afforded due process consistent with 8 U.S.C. § 1226(a).

**B.    *Mathews* Factors**

  1. Petitioner Has a Protected Interest in His Liberty

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). That Petitioner has been detained for a year undoubtedly presents a deprivation of Petitioner's interest in his liberty. Accordingly, the first *Mathews* factor favors Petitioner.

  2. The Risk of Erroneous Deprivation Is Low

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. Here, the Court finds a low risk of erroneous deprivation of Petitioner's liberty interest given that he is entitled to and has received a bond hearing that complies with the requirements approved by the Ninth Circuit in *Rodriguez Diaz*.

If Petitioner had previously been detained and released based on individualized findings of danger to the community or flight risk, then the Court would find that he was entitled to a pre-deprivation hearing. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025). That Petitioner's custody status was initially determined by an immigration judge at an individualized bond hearing provides sufficient procedural safeguards here, particularly because Petitioner can appeal that determination or request a new bond hearing based on changed

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 6

circumstances. *See, e.g.*, *Rodriguez Diaz*, 53 F.4th at 1209–12. Thus, the second *Mathews* factor favors the Government.

        3.       <u>The Government Has a Valid Interest in the Orderly Administration of Removal</u>

                   <u>Proceedings</u>

In applying the final *Mathews* factor, the Court considers the Government's interest in detaining Petitioner. The Court finds that the Government "clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes." *Arshad v. Noem*, No. 2:26-cv-0726-RSM, 2026 WL 864737, at *3 (W.D. Mar. 30, 2026). Where, as here, a petitioner has been found ineligible for bond due to concerns of danger to the community or risk of flight, in a determination that can be appealed to the Board of Immigration Appeals or revisited upon a showing of changed circumstances, the Court finds that the third *Mathews* factor favors the Government.

When the factors are considered together, the Court finds that the *Mathews* factors weigh in the Government's favor overall: the Court is "not convinced that Petitioner has demonstrated a liberty interest in his release requiring any additional due process protections than Petitioner has already received." *Obando Padilla v. LaRose*, No. 3:26-cv-01459-RBM-JLB, 2026 WL 1002047, at *2 (S.D. Cal. Apr. 13, 2026) (quoting *Li v. Larose*, No. 26-CV-1614 JLS (MMP), 2026 WL 948362, at *2 (S.D. Cal. Apr. 8, 2026)).

**C.    Whether Petitioner's Detention is Unconstitutionally Prolonged**

Petitioner also contends his detention has become unconstitutionally prolonged under *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). Dkt. 1 at 12–13. "*Banda* provides a set of criteria courts in this Circuit use in determining whether a noncitizen who is detained pursuant to 8 U.S.C. § 1225(b), and who has never been provided a hearing at which the

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 7

Section 1226(a) factors are considered, is entitled to such a hearing." *K.G.M.Q. v. Bondi*, No. 2:26-cv-0506, 2026 WL 962609, at *9 (W.D. Wash. Apr. 9, 2026); *see Banda*, 385 F. Supp. 3d at 1118 ("the Court adopts the multi-factor test that many other courts have relied upon to determine whether § 1225(b) detention has become unreasonable."). *Banda* is not applicable here because Petitioner is not detained under § 1225(b) and has received a bond hearing. *See K.G.M.Q.*, 2026 WL 962609, at *9 (finding "*Banda* also does not apply, and the Court need not conduct a *Banda* analysis" because "Petitioner is not detained under Section 1225(b)" and "Petitioner had a bond hearing").

## IV.   CONCLUSION

For these reasons, the habeas Petition is **DENIED without prejudice**. Dkt. 1.


Dated this 8th day of June, 2026.


Grady J. Leupold
United States Magistrate Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 8